**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

RONALD TUCKER STEWART                                                                                    PLAINTIFF
ADC #144658

V.                                         NO: 4:12CV00403 JLH/HDY

POPE COUNTY
DETENTION CENTER *et al.*                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.Why the record made before the Magistrate Judge is inadequate.

2.Why the evidence proffered at the hearing before the District
Judge  (if such a  hearing is granted)  was not  offered at  the

        hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a former pre-trial detainee at the Pope County Detention Center, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on July 2, 2012. Defendants Sallie Hampton, a nurse, and Ben Kriesel, a physician, filed a motion for summary judgment, a brief in support, and a statement of facts, on December 31, 2012 (docket entries #50-#52). On January 2, 2013, Defendants Sheriff Aaron Duvall, Terry Bailey, Belinda Shelton, and Kenneth Wells, all detention center officials, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #53-#55). Although Plaintiff has been granted additional time to file a response (docket entry #63), he has not done so.

### I. Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case.  *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, he has been denied appropriate medical care and living conditions for his disability at the Pope County Detention Center.  Specifically, Plaintiff asserts that Defendants refused to take him to have a prosthetic leg fitted, which resulted in him being confined to a wheelchair, that the handicapped shower was not operational from April 12 through May 21, that he didn't get his pain medication at least three times per day, that the cold water was hot from 10 pm to 7 a.m, making it almost impossible to take medication, and that prison officials will not notarize his paperwork.

Defendants Hampton and Kriesel

Hampton and Kriesel assert that they are entitled to summary judgment because Plaintiff cannot demonstrate that they knew of and disregarded a serious medical need.  According to Hampton and Kriesel, they ordered Plaintiff his pain medication in a timely manner when he informed them of the need.  Hampton and Kriesel have both submitted affidavits indicating that they

saw Plaintiff or ordered medications on numerous times for various complaints.

Although Plaintiff was a pre-trial detainee at the time the events giving rise to this complaint occurred, the same Eighth Amendment standards are applied to his inadequate medical care claims as those made by convicted inmates. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006). The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239.

Based on the uncontradicted affidavits submitted by Hampton and Kriesel, it is clear that they acted appropriately to treat Plaintiff's medical needs when he sought care, and Plaintiff therefore cannot establish any indifference on their part. There is no indication that Hampton and Kriesel were responsible for the daily living conditions at the detention center, which pertain to Plaintiff's other claims. No material facts are in dispute, and Hampton and Kriesel are entitled to summary judgment.

<u>Defendants Duvall, Bailey, Shelton, and Wells</u>

Defendants Duvall, Bailey, Shelton, and Wells, assert that they are entitled to summary judgment because Plaintiff cannot establish a constitutional violation with respect to the conditions of his confinement or his medical needs.

When Plaintiff was booked into the Pope County Detention Center on April 10, 2012 (docket entry #54-1), he was using crutches. Although Defendants did not take Plaintiff to be fitted for a

prosthetic leg as he requested, he concedes that he was provided with a wheelchair at the detention center (docket entry #4). Additionally it appears that the handicapped shower was not working from the time Plaintiff entered the facility until May 21, 2012, but that Plaintiff was still able to shower daily using a chair. *Id.* Although Plaintiff complains that the eventual shower repair caused the cold water to become so hot it was difficult to take medication, he has not identified any reason he could not let the water cool to room temperature before taking his medication.

As a pre-trial detainee, Plaintiff's conditions of confinement claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Defendants violated Plaintiff's due process rights if the jail's conditions of confinement constituted punishment. *Id.* However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," courts apply the identical deliberate indifference standard as that applied to conditions of confinement claims made by convicts. *Id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).

To prevail on a conditions of confinement claim, inmates or pre-trial detainees must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 at *1 (8th Cir. 2002)(unpub. per curiam). Nothing in Plaintiff's description of the shower or hot water problems was serious enough to deprive him of the minimal civilized measure of life's necessities, or to constitute a substantial risk of

serious harm.  Moreover, the fact that Plaintiff was provided a wheelchair and shower chair demonstrates that no Defendant was deliberately indifferent to his needs.

Finally, it is clear from the grievance documents that Duvall, Bailey, Shelton, and Wells, provided, that they responded appropriately to Plaintiff's medical requests (docket entry #54-3). During the time he was at the detention center, Plaintiff was being monitored by a physician and nurse, and was, as discussed above, seen or prescribed medications on numerous occasions.  Neither Duvall, Bailey, Shelton, or Wells, are medical providers, and the record demonstrates that they were not deliberately indifferent to Plaintiff's medical needs.  No material facts are in dispute, and Duvall, Bailey, Shelton, and Wells, are entitled to summary judgment.[1]

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Defendants' motions for summary judgment (docket entries #50 & #53) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.     The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   3    day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also complained that certain papers were not being notarized.  However, there is no requirement that detention center officials notarize everything Plaintiff demands, and Plaintiff has introduced no evidence of any legal proceeding which has been prejudiced by the lack of notary services.